# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DEAN M. FINCH,
　　　　　　Appellant,

　　　　v.

UNITED STATES POSTAL SERVICE,
　　　　　　Agency.

DOCKET NUMBER
AT-3330-13-0870-I-1

DATE: August 6, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lorenzo Cobb, Esquire, Sugarhill, Georgia, for the appellant.

Managing Counsel, Philadelphia, Pennsylvania, for the agency.

Sandra W. Bowens, Esquire, Memphis, Tennessee, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which denied as untimely filed the appellant's request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2　　　On or around November 13, 2012, the appellant, a preference-eligible veteran, applied for the position of Transitional City Carrier TE (Conversion MOU) in Cleveland, Tennessee. Initial Appeal File (IAF), Tab 7 at 22. The Office of Personnel Management thereafter disapproved the agency's request to pass over the appellant. *Id.* at 21. The appellant filed a complaint with the Department of Labor (DOL) in which he alleged that he was denied his veterans' preference rights in connection with his application for the Transitional City Carrier position. *See id.* at 22 (Mar. 15, 2013 letter from DOL to the agency).[2]

¶3　　　On May 10, 2013, DOL issued a letter closing the appellant's complaint based upon its determination that the agency: (1) had placed the appellant in the position of Transitional City Carrier on March 20, 2013, with an effective date of December 1, 2012; (2) was processing a "back wage payment" to him of $16,239.55; (3) would credit him with the annual leave he would have accrued

---

[2] The appellant's DOL complaint is not part of the record.

under the governing collective bargaining agreement had he been in a pay status from December 1, 2012 to March 19, 2013; and (4) had agreed to comply with statutes governing his receipt of unemployment insurance from December 1, 2012 to March 19, 2013.[3]  IAF, Tab 1 at 8-9.  DOL informed the appellant that if he was not fully satisfied with the resolution of his complaint, then he had the right to appeal its decision to the Board within 15 calendar days of receipt of DOL's letter.  *Id.* at 9.

¶4        The appellant received DOL's May 10 letter on or about May 13, 2013.  *See* IAF, Tab 7 at 29.  He did not file an appeal with the Board, however, until July 11, 2013, approximately 6 weeks beyond the filing deadline.  IAF, Tab 1.  In his appeal, the appellant did not dispute that the agency placed him in a Transitional City Carrier position effective December 1, 2012, or that the agency paid him $16,239.55.  Rather, he claimed that the agency failed to honor an alleged promise to place him in a career Letter Carrier position when the Transitional City Carrier position was phased out pursuant to an agreement management negotiated with the union in April 2013.  IAF, Tab 10 at 1-2.  He also alleged that the agency erroneously failed to pay him interest on the back pay and to make "payment on [a] leave balance entitlement."  IAF, Tab 12 at 2.

¶5        In an acknowledgment order, the administrative judge advised the appellant of the jurisdictional and timeliness requirements for filing a VEOA appeal as well as the criteria for establishing whether the time limits for filing such an appeal should be equitably tolled.  IAF, Tab 3 at 5-6; *see also* IAF, Tab 9.  After both parties submitted responses, the administrative judge issued an initial decision denying the request for corrective action on the grounds that the appeal was untimely filed and that the appellant had failed to establish that the time limits for

---

[3] The DOL letter also stated that it was providing the appellant a copy of its letter to the agency and a copy of a settlement agreement and release signed by an agency representative.  IAF, Tab 1 at 9.

filing an appeal should be equitably tolled.  IAF, Tabs 10-12, Tab 13, Initial Decision (ID).

¶6        In his petition for review, the appellant reiterates his arguments below that the deadline for filing his Board appeal should be equitably tolled because DOL remained involved in his complaint after May 10, 2013, and because the agency's noncompliance with the terms upon which DOL resolved his complaint demonstrates that he was induced or tricked by the agency's misconduct into allowing the filing deadline to pass.  Petition for Review (PFR) File, Tab 3 at 3-6.

¶7        An appellant must file a VEOA appeal no later than 15 days after receiving written notification from the Secretary of Labor concerning the results of DOL's investigation.    5 U.S.C. § 3330a(d)(1)(B); *Gingery v. Department of the Treasury*, 110 M.S.P.R. 83, ¶ 23 (2008).   As discussed above, the appellant received such notification on or about May 13, 2013.  *See* IAF, Tab 7 at 29. Consequently, the deadline for filing this appeal was May 28, 2013.  *See* 5 U.S.C. § 3330a(d)(1)(B).   The appellant did not file this appeal until July 11, 2013, approximately 6 weeks beyond the 15-day statutory filing deadline.  IAF, Tab 1.

¶8        Nevertheless, as the administrative judge recognized, under the Federal Circuit's decision in *Kirkendall v. Department of the Army*, the 15-day filing deadline set forth in 5 U.S.C. § 3330a(d)(1)(B) is subject to equitable tolling, and an employee's failure to file a Board VEOA appeal within 15 days after receiving the Secretary of Labor's written notification of the results of the Secretary's investigation of the appellant's VEOA complaint does not summarily foreclose the Board from exercising jurisdiction to review the appeal.   479 F.3d. 830, 835-44 (Fed. Cir. 2007); *Gingery*, 110 M.S.P.R. 83, ¶ 24.  The United States Supreme Court explained in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990), that federal courts have "typically extended equitable relief only sparingly," and that the Court had allowed equitable tolling in situations where the claimant "has actively pursued his judicial remedies by filing a defective pleading during the statutory period," or where the claimant has been "induced or

tricked by his adversary's misconduct into allowing the filing deadline to pass." *See Gingery*, 110 M.S.P.R. 83, ¶ 24.

¶9    The appellant did not file a defective pleading within the statutory period. Moreover, even accepting as true the appellant's account that the agency told him that it would place him in a Career City Carrier position when the Transitional City Carrier position was phased out, this does not establish that he was induced or tricked into allowing the filing deadline to pass. That is, there is no dispute that the appellant's DOL complaint concerned his application for the Transitional City Carrier position, that DOL's May 10, 2013 letter notified him of the express terms upon which it had resolved his VEOA complaint, and that those terms did not include any obligation on the agency's part to place him in a Career City Carrier position. IAF, Tab 1 at 8-9. Although DOL's letter expressly advised the appellant that, if he was not fully satisfied with its resolution of his complaint, he had the right to appeal its decision to the Board within 15 calendar days of receipt of DOL's letter, he did not do so. Under these circumstances, we agree with the administrative judge that the appellant has failed to establish that the agency's noncompliance with alleged promises that were not set forth in DOL's closure letter induced or tricked him into allowing the deadline for filing a Board appeal to pass. ID at 4-5.

¶10    Further, we agree with the administrative judge that the appellant's contention that DOL remained involved in his complaint until July 2013 does not describe any circumstances leading to a conclusion the filing deadline should be equitably tolled. ID at 4. Indeed, because the appellant's correspondence with the DOL representative occurred in July 2013, after the filing deadline had already passed, he could not have been induced or tricked into missing the deadline by any misinformation he received as a result of that correspondence. *See* IAF, Tab 1 at 10; *see Hayes v. Department of the Army*, 111 M.S.P.R. 41, ¶ 11 (2009). Rather, the record indicates that the appellant's failure to file a timely DOL complaint was a result of his own lack of due diligence in preserving

his legal rights, which is not grounds for equitable tolling. *Hayes*, 111 M.S.P.R. 41, ¶ 11.

¶11 Insofar as the appellant contends that the agency's failure to place him in a Career City Carrier position itself constitutes an independent ground for granting corrective action under VEOA, the record contains no evidence that he raised such a claim before DOL. Unless an agency action is appealable to the Board under some other law, rule, or regulation, VEOA does not permit the Board to consider alleged violations of veterans' preference rights that have not first been raised before DOL. *White v. U.S. Postal Service*, 114 M.S.P.R. 574, ¶ 9 (2010). The only record evidence concerning the exhaustion requirement is the May 10, 2013 letter from DOL to the appellant, and it is unclear, based on this letter alone, whether the appellant raised with DOL any of the alleged agency actions concerning a Career City Carrier position. Although the Board uses a liberal pleading standard for allegations of veterans' preference violations in a VEOA appeal, evidence of the exhaustion requirement is mandatory under the statute and is not subject to the same liberal construction. *Burroughs v. Department of the Army,* 115 M.S.P.R. 656, *¶* 10, *aff'd,* 445 F. App'x 293 (Fed. Cir. 2011); *see* 5 U.S.C. § 3330a(d). The appellant's failure to exhaust his administrative remedy regarding such a claim deprives the Board of jurisdiction to consider it here. 5 U.S.C. § 3330a(d)(1); *see Gingery*, 110 M.S.P.R. 83, ¶ 14.

¶12 Finally, the appellant also contends on review that his appeal should be remanded to DOL for further investigation of his claims that the settlement agreement and release signed by an agency representative was invalid or incomplete, that the terms of the settlement agreement authorize him to request DOL to reopen the case for further investigation, and that agency has not complied with its alleged agreement to place him in a Career City Carrier position. PFR File, Tab 3 at 2-3, Tab 5. The appellant also submits several documents for the first time on review, including a copy of the settlement agreement and release and correspondence from the agency concerning the

phasing out of the Transitional City Carrier position and his eligibility to apply for a Career City Carrier position. PFR File, Tab 1 at 2-4, Tab 2 at 8-15, Tab 5 at 7-9. We have not considered these documents, as they significantly predate the close of the record below and the appellant has not shown that they were unavailable before the record closed despite his due diligence. *See* 5 C.F.R. § 1201.115; *Avasino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (the Board will not consider evidence submitted for the first time with the PFR absent a showing that it was unavailable before the record was closed despite the party's due diligence). Further, the Board will not normally consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has failed to make such a showing here.

¶13        In any event, although DOL's resolution of a veterans' preference complaint does not divest the Board of jurisdiction over an appellant's VEOA appeal, *see Gingery*, 110 M.S.P.R. 83, ¶ 20, the appellant has cited no authority for the proposition that the Board has the authority to enforce the alleged terms upon which a VEOA complaint has been resolved or to reopen such a complaint and remand it to DOL for further investigation. Rather, the question of an appellant's entitlement to such relief is properly addressed through enforcement proceedings once the Board has ordered corrective action under VEOA. *Cf. Williams v. Department of the Air Force*, 108 M.S.P.R. 567, ¶ 11 (2008) (finding that if, after the agency reconstructs the hiring process as ordered by the Board, the appellant is placed at a grade level with which he disagrees, he may raise the matter in a petition for enforcement). Because the administrative judge properly denied corrective action in this case, the appellant's allegations of noncompliance fall outside the scope of the Board's remedial authority under VEOA.

¶14 Accordingly, because the appellant here filed an untimely Board appeal and equitable tolling does not apply, we AFFIRM the initial decision, DENYING the appellant's request for corrective action under VEOA.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of

attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.